UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORMA MALDONADO, on her own behalf
and on behalf of those similarly situated,

        Plaintiff,

    v.

ALTA HEALTHCARE GROUP, INC. d/b/a
AIDEN SPRINGS ASSISTED LIVING, a
Florida Profit Corporation, and ALBERT L.
GREEN, individually,

        Defendants.

CIVIL ACTION NO.  6:12-cv-1552-ORL-36DAB

**DISPOSITIVE MOTION**

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants Alta Healthcare Group, Inc. d/b/a Aiden Springs Assisted Living and Albert L. Green (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 56(b), file their Motion for Summary Judgment and Incorporated Memorandum of Law, and state as follows:

**I.**    **MOTION**

1.    On October 15, 2012, Plaintiff Norma Maldonado ("Maldonado") commenced this civil action against Defendants.  Maldonado's Complaint alleges that she was not properly compensated for all hours worked under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.  (Doc. 1).

2.    Maldonado is seeking back wages for the time she was employed as a caregiver and certified nursing assistant at Summit Care Assisted Living Facility ("Summit"), which is owned and operated by Alta Healthcare Group, Inc., from

approximately June 1, 2010 until October 14, 2010.[1]  Under the FLSA, claims must be filed within two years of the accrual of the cause of action, unless the cause of action arises "out of a willful violation." 29 U.S.C. § 255(a).

3.      While Defendants contend Maldonado received all of the compensation due and owing to her, Defendants are also entitled to summary judgment because her claim is untimely as a matter of law and she cannot meet her burden of proving she is entitled to the FLSA's three-year statute of limitations.

WHEREFORE, Defendants Alta Healthcare Group, Inc. d/b/a Aiden Springs Assisted Living and Albert L. Green respectfully request that this Court grant summary judgment in their favor and dismiss Plaintiff Norma Maldonado's Complaint in its entirety with prejudice, and award Defendants their reasonable attorney's fees and costs incurred in defending this action.

## II.      UNDISPUTED MATERIAL FACTS

1.      Alta Healthcare Group, Inc. ("Alta") operates two assisted living facilities – Aiden Springs ALF ("Aiden Springs") and Summit.[2] (Green dep. 8:12-18).

2.      Plaintiff Norma Maldonado was initially hired by Alta in 2008 as a caregiver at Aiden Springs. (Maldonado dep. 41:20-22; 45:2-7).  On or about June 1, 2010, Maldonado was assigned to work at Summit as a caregiver, then a certified nursing assistant.  (Maldonado dep. 56:15-25; Doc. 1).

3.      Maldonado's last day worked at Summit was October 14, 2010. (Ex. 6 to Maldonado's depo; 185:4-9). Maldonado was absent from October 16-24, 2010 and upon

---

[1] Maldonado incorrectly named Alta Healthcare Group, Inc. d/b/a Aiden Springs Assisted Living instead of Alta Healthcare Group, Inc. d/b/a Summit Care Assisted Living Facility as a defendant in this action.
[2] Summit is also known as "Juliana," a reference to the street on which it is located. (Green dep. 32:20-21).

her return, was transferred to a third facility then operated by Alta – Alta Healthcare at Deerwood ("Deerwood").   (Ex. 6 to Maldonado's dep.; 185:4-9; Ex. 9 to Maldonado's dep.; 188:10-20; Green dep. 9:4-10; 32:10-17).

      4.     Maldonado worked at Deerwood for approximately one week until her resignation, but her claims in this case are limited to the period she worked at Summit. (Maldonado dep. 105:20-25; 106:1-3; 130:12-17; Ex. 4 to Maldonado dep., p. 6; Green dep. 9:4-10).

      5.     Maldonado filed the instant action on October 15, 2012. (Doc. 1).

      6.     Maldonado is not aware of any circumstances that would entitle her to the FLSA's three-year statute of limitations. (Maldonado dep. 169:5-14).

## III.    <u>LEGAL ARGUMENT</u>

Summary judgment "shall be rendered" where the "pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cert. denied*, 484 U.S. 1066 (1988).  A plaintiff cannot rely on inadmissible evidence, mere speculation, or her own conclusory testimony to defeat a motion for summary judgment. *Edwards v. Niles Sales & Serv.*, 439 F. Supp. 2d 1202, 1218-19 (S.D. Fla. 2006).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 1207.

Maldonado's claims arise under the FLSA. The undisputed material facts show that Maldonado's claims are barred by the FLSA's applicable statute of limitations.

An action under the FLSA must be commenced "within two years after the cause of action accrued," unless the cause of action arises "out of a willful violation." 29 U.S.C. § 255(a).  In the case of a willful violation, the limitations period is extended to three years. *Id.* Maldonado's claims arise under the time she worked at Summit, which was from on or about June 1, 2010 until October 14, 2010.  Because Maldonado filed her Complaint on October 15, 2012, more than two years after her last day of employment at Summit, and she has no evidence to prove that she is entitled to the FLSA's three-year statute of limitations, Defendants are entitled to summary judgment against Maldonado.

## IV.    CONCLUSION

Because the undisputed evidence establishes that Maldonado's claims are untimely under 29 U.S.C. § 255(a), and she has no evidence to prove that she is entitled to the FLSA's three-year statute of limitations, summary judgment is appropriate in favor of Defendants.

By: s/Chelsie J. Flynn
    Chelsie J. Flynn
    Florida Bar No. 598208
    FORD & HARRISON LLP
    300 South Orange Avenue
    Suite 1300
    Orlando, FL  32801
    Tele:  (407) 418-2300
    Fax:  (407) 418-2327
    E-mail:  cflynn@fordharrison.com

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Angeli Murthy, Esquire, of Morgan & Morgan, P.A. at amurthy@forthepeople.com.

s/Chelsie J. Flynn
Chelsie J. Flynn

Orlando:215041.1