# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NORMA MALDONADO, on her own
behalf and on behalf of those similarly
situated,

       Plaintiff,

                              CASE NO.:   6:12-cv-1552-Orl-36DAB

vs.

ALTA HEALTHCARE GROUP, INC.
d/b/a AIDEN SPRINGS ASSISTED
LIVING, a Florida Profit Corporation,
ALBERT L. GREEN, Individually,

_____Defendants._____/

## NOTICE OF FILING PROPOSED JURY INSTRUCTIONS
## AND ATTACHED PROPOSED JURY INSTRUCTIONS

      Plaintiff, NORMA MALDONADO, and Defendants, ALTA HEALTHCARE GROUP,

INC. d/b/a AIDEN SPRINGS ASSISTED LIVING, a Florida profit corporation, and ALBERT

L. GREEN, individually, respectfully submit their Proposed Jury Instructions to be given to the

Jury at the conclusion of the trial of this cause.  The parties respectfully request the right to

supplement or modify these instructions as necessary and appropriate.

      Respectfully submitted this 30th day of December, 2013.

/s/  Angeli Murthy
ANGELI MURTHY, ESQ.
Florida Bar Number: 88758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL  33324
Telephone:  954-318-0268
Facsimile:  954-424-8317
E-mail: amurthy@forthepeople.com

*Trial Counsel for Plaintiff*

/s/  James G. Brown
Chelsie J. Flynn
Florida Bar Number: 598208
James G. Brown
Florida Bar No. 0126331
FORD & HARRISON LLP
300 South Orange Avenue
Suite 1300
Orlando, FL 32801
Telephone: 407-418-2300
Facsimile: 407-418-2327
E-mail: cflynn@fordharrison.com

*Trial Counsel for Defendants*

## COURT'S INSTRUCTIONS TO THE JURY PRIOR TO OPENING ARGUMENTS

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking - Permitted**. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places - - things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes. If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

* * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case

or as your instruction on the law.   Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.   So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority: 11th Circuit Pattern Jury Instructions: Preliminary Instructions Before Trial

## COURT'S INSTRUCTIONS TO THE JURY FOLLOWING CLOSING ARGUMENTS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

Authority: 11th Circuit Pattern Jury Instructions: Face Page - Introduction

**JOINT PROPOSED JURY INSTRUCTION NO. 1**

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the laws as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts or statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Source:        11th Circuit Pattern Jury Instruction 2.2

GIVEN        _____
REFUSED      _____
REVISED      _____

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true and accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

Source:          11th Circuit Pattern Jury Instruction 3

GIVEN          _____

REFUSED        _____

REVISED        _____

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:          11th Circuit Pattern Jury Instruction 4.1

GIVEN          _____
REFUSED        _____
REVISED        _____

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### Burden of Proof

In this case, each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

You should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the claim or the defense by a preponderance of the evidence, you should find against the party making that claim or defense.

In this case, Plaintiff has the burden of establishing that she worked overtime hours and was not compensated for them.  Once Plaintiff has met this burden, the burden shifts to the Defendant to prove, by a preponderance of the evidence, that Plaintiff was not entitled to overtime compensation under the law.

Source:    11th Circuit Pattern Jury Instructions, 6.2 (modified).

GRANTED:                      _____
DENIED:                        _____
WITHDRAWN:                _____
GIVEN AS AMENDED:     _____

**JOINT PROPOSED JURY INSTRUCTION NO. 5**

**Duty To Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Source:      Eleventh Circuit Pattern Jury Instructions, Basic Instructions, Instruction No. 7.1(2005).

GRANTED:                    _____
DENIED:                        _____
WITHDRAWN:             _____
GIVEN AS AMENDED:      _____

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### Election Of Foreperson -- Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.  You will note that there are questions on the form that specifically address each of the claims.  These questions call for a "Yes" or "No" answer.  A majority vote is not sufficient; the vote must be unanimous.  You all must agree before any question can be answered.  It is important that you each keep that in mind.  The answer to each of these questions must be the unanimous answer of the jury, and must be inserted in the space opposite each question.  As you will also note from the wording of the questions, it will not be necessary to consider or answer questions regarding damages if your answers to questions concerning liability are "No."

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**AUTHORITY**:    Eleventh Circuit Pattern Jury Instructions, Basic Instructions, Instruction No. 8 (2005) (modified).

GRANTED:            _____
DENIED:               _____
WITHDRAWN:       _____
GIVEN AS AMENDED:   _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

**Fair Labor Standards Act**

The Plaintiff has made a claim in this case under the Fair Labor Standards Act, the federal law that provides for the payment of overtime wages.  The Plaintiff claims that the Defendant did not pay her all overtime wages required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:          That the Plaintiff was employed by the Defendants during the time period involved;

Second:      That the Defendants were an enterprise subject to the coverage of the FLSA; and

Third:         That the Defendants failed to pay the Plaintiff all overtime wages as required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With respect to the first fact, the Parties have stipulated that Plaintiff was employed by Defendants, although they dispute the last day of Plaintiff's employment.

The instructions that will follow will provide guidance in order to decide the second and third factors.

If you find that the Plaintiff has proven the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.


The measure of damages is the difference between what the Plaintiff should have been paid under the Act and the amounts that you find the Plaintiff actually was paid.

Source:     11th Circuit Pattern Jury Instructions (Modified); *McLeod v. Threlkeld*, 319 U.S.
            491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943); See *Marshall v. Sunshine and
            Leisure, Inc.*, 496 F.Supp. 354 (M.D. Fla. 1980).

GRANTED:                 _____
DENIED:                  _____
WITHDRAWN:               _____
GIVEN AS AMENDED:        _____

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7</u>

### Fair Labor Standards Act

The Plaintiff has made a claim in this case under the Fair Labor Standards Act, the federal law that provides for the payment of overtime wages.  The Plaintiff claims that the Defendant did not pay her all overtime wages required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:   That the Plaintiff was employed by the Defendants during the time period involved;

<u>Second</u>:  That the Defendants were an enterprise subject to the coverage of the FLSA; and

<u>Third</u>:   That the Defendants failed to pay the Plaintiff all overtime wages as required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With respect to the first fact, the Parties have stipulated that Plaintiff was employed by Defendants although they dispute the last day of Plaintiff's employment.

The instructions that will follow will provide guidance in order to decide the second and third factors.

If you find that the Plaintiff has proven the claim, then you must turn to the question of damages which the Plaintiff is entitled to recover.

Plaintiff is entitled to recover lost wages back to no more than two years before this lawsuit which was filed on October 15, 2012 unless you find the Defendants either knew, or showed reckless disregard for the matter of whether their conduct was in violation by the FLSA. If you find that the Defendants knew, or showed reckless disregard for the matter of whether,

their conduct was in violation by the FLSA, the Plaintiff is entitled to recover lost wages for no more than three years before this lawsuit was filed.

The measure of damages is the difference between what the Plaintiff should have been paid under the Act and the amounts that you find the Plaintiff actually was paid.


Source:      11th Circuit Pattern Jury Instructions (Modified); *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538 (1943); See *Marshall v. Sunshine and Leisure, Inc.*, 496 F.Supp. 354 (M.D. Fla. 1980).

GRANTED:              _____
DENIED:                _____
WITHDRAWN:          _____
GIVEN AS AMENDED:  _____

**JOINT PROPOSED JURY INSTRUCTION NO. 8**

**Enterprise Coverage**

In order to find that Defendants may be liable under the FLSA, you must first determine whether Defendant Alta HealthCare Group, Inc. is an enterprise covered by the Act.   For purposes relevant to this litigation, the FLSA defines an enterprise as "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective, who reside on the premises of such institution…"

Source:    29 CFR §779.22

GRANTED:                     _____
DENIED:                          _____
WITHDRAWN:               _____
GIVEN AS AMENDED:     _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

**Individual Employer**

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee," and the term "employ" means to suffer or permit to work." Further, a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.  Factors to consider in making this determination are whether the individual (1) had the power to hire and fire the employees, (2) supervised and controlled the employees' work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  To be personally liable, [the Defendant] must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.  If you find that Defendant Green had operational control over ALTA in light of these factors, you must find that Defendant Green is an individual employer under the FLSA.

Source:        *29 U.S.C* at §203(d), (g); *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th
               Cir.1997); *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986).

GRANTED:              _____
DENIED:               _____
WITHDRAWN:            _____
GIVEN AS AMENDED:     _____

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

**Individual Employer**

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  A corporate officer who acts directly or indirectly in the interest of a corporate employer can be an employer under the Fair Labor Standards Act.  If you find that Albert Green had substantial control of the terms and conditions of Plaintiff's work, then you may find that Albert Green was an employer under the Fair Labor Standards Act.

Source:      *29 U.S.C* at §203(d), (g); *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997); *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986).

GRANTED:            _____
DENIED:             _____
WITHDRAWN:          _____
GIVEN AS AMENDED:       _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**

**Hours Worked and Deductions**

Under the law, an employee must be paid for all hours worked for her employer(s).

Hours worked include any time the employee is permitted to work, whether requested or

required by the employer or not, and regardless of whether the work is directly related to the

business operations of the employer(s) or is the type of work the employee was hired to perform.


Source:     29 C.F.R. §§785.18 and 785.19; *Martin v. Waldbaum, Inc.,* 1993 U.S. Dist. LEXIS 16007
            at *5-6 (E.D.N.Y. Oct. 14, 1992); *Usery v. Godwin Hardware, Inc.,* 426 F.Supp. 1243,
            1265 (W.D. Mich. 1976); *Brennan v. State of New Jersey*, 364 F.Supp. 156, 158 (D.N.J.
            1973); *Mitchell v. Turner,* 286 F.2d 104, (5th Cir. 1960).

GRANTED:            _____
DENIED:             _____
WITHDRAWN:          _____
GIVEN AS AMENDED:   _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**

**Employer Cannot Accept The Benefit Of An Employee's Work Without Compensation**

The Defendant may argue that it instructed Plaintiff that she should not work any hours over 45, or that the parties agreed that Plaintiff would not work outside of certain scheduled hours. However, the law does not permit an employer to accept the benefits of an employee's work without compensating the employee for all work time. Rather, work not requested but suffered or permitted is work time.

If a preponderance of the evidence reflects that Defendant knew or should have known that Plaintiff worked overtime hours for which she was not compensated in any single workweek, you must find that Plaintiff is entitled to any unpaid overtime wages for each such workweek.

Source:     *Reich v. Dept. of Conservation*, 28 F.3d 1076, 1082 (11th Cir. 1994); 29 C.F.R. §§785.11, 785.13.

GRANTED:                    _____
DENIED:                      _____
WITHDRAWN:                   _____
GIVEN AS AMENDED:            _____

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**

**Sleep Time and Hours Worked**

The FLSA sets forth specific rules for the manner in which an employer can compensate for hours worked when those hours are treated as sleep time.  They are as follows:

(1) An employee must be paid for all hours in any shift less than 24 hours even if some of the hours are spent sleeping.

(2) An employer may deduct up to 8 hours of sleep time from a shift of 24 hours or more, provided that the employee is able to sleep for at least 5 hours during that shift.

In order to avoid having to comply with the prior two requirements, an employer may reach a "reasonable" agreement with its employee, who resides on the premises, to exclude certain hours, from compensable time as "sleep time."  In order to be "reasonable," the agreement must compensate the employee for any and all hours actually worked during the excluded hours (interrupted sleep time), and cannot exclude more than 8 hours as sleep time in any 24 hour duty period.

Thus, if you find that Defendants deducted more than 8 hours of sleep time from Plaintiff's hours worked in any 24 hour shift, you must rule in Plaintiff's favor on this issue.

Further, with respect to interruptions of sleep, if the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked.  If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. Thus, if the employee cannot get at least 5 hours' sleep during the scheduled period, the entire time is working time.

Source:    29 C.F.R. §§785.21, 785.22 and 785.23; June 30, 1988 Dept. of Labor Memorandum regarding sleep time; Garofolov. *Donald B. Heslep Assocs*., 405 F.3d 194, 199 (4th Cir. Va. 2005); *Myers v. Baltimore County,* 50 Fed. Appx. 583, 589 (4th Cir. Md. 2002).

GRANTED:                    _____
DENIED:                        _____
WITHDRAWN:              _____
GIVEN AS AMENDED:   _____

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10**

### **Hours Worked**

The FLSA sets forth specific rules for the manner in which an employer can compensate employees who reside on the Employer's premises for extended periods of time.

An employer may reach a "reasonable" agreement with an employee who resides on the Employer's premises for an extended period of time, etc. to exclude certain hours, including sleep time, from compensable time.  An agreement is "reasonable" in light of "all of the pertinent facts" of the employment relationship including whether the employee who resides on the Employer's premises has time to eat, sleep, entertain, etc.  If you find that Defendant's had an agreement with Plaintiff and that the agreement was reasonable, then you must find for Defendants' on Plaintiff's overtime claims.

Source:         29 C.F.R. §785.23; Department of Labor Opinion Letter FLSA 2004-7

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**

**Employer Records**

The law requires employers to keep records of the number of hours actually worked by its employees subject to the Act. The law requires those records show the number of hours worked each work day and the total hours worked each work week.

If you find Plaintiff has proven the amount and extent of her hours of work as a matter of just and reasonable inference, the burden then shifts to the Defendants to come forward with evidence of the precise amount of work performed each workweek, or with evidence to negate the reasonableness of the inferences to be drawn from the Plaintiff's evidence.  Thus, you may award damages to Plaintiff based on the inference created by Plaintiff's evidence.

Source:      29 U.S.C.  §211 (c); 29 C.F.R. §516.2; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

GRANTED:                    _____
DENIED:                        _____
WITHDRAWN:              _____
GIVEN AS AMENDED:        _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

### Employer Records

The law requires employers to keep records on the number of hours actually worked by its employees subject to the Act.   The law requires those records show the number of hours worked each work day and the total hours worked each work week.

If you find Plaintiff has proven the amount and extent of her hours of work as a matter of just and reasonable inference, the burden then shifts to the Defendants to come forward with evidence of the precise amount of work performed each workweek, or with evidence to negate the reasonableness of the inferences to be drawn from the Plaintiff's evidence.

However, the law also provides that an employee who resides on his employer's premises for extended periods of time is not working all the time she is on the premises.   Ordinarily, the employee may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining and other periods of complete freedom from all duties when she may leave the premises for purposes of her own.   It is difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the potential facts will be accepted.   If you find that there was a reasonable agreement as to hours worked by Plaintiff, then the agreement governs the number of hours worked by the Plaintiff unless the Plaintiff was interrupted during her sleep time.

Source:      29. U.S. C. §211 (c); 29 C.F.R. §516.2; *Anderson v. Mt. Clemens Pottery Co.*, 328
            U.S. 680 (1946); 29 C.F.R. §785.23

GRANTED:                 _____
DENIED:                  _____
WITHDRAWN:               _____
GIVEN AS AMENDED:        _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

### Waiver

The law holds that an employee cannot waive, release or compromise the right to overtime wages absent approval by a Court or the Department of Labor.  An employer is legally obligated to pay overtime regardless of whether an employee demands it and even if an employee agrees to forego payment of overtime.   In order to be liable for the payment of overtime, an employer doesn't have to have actual knowledge of overtime worked.  Rather, an employer is liable for overtime wages if it knew or should have known that an employee is working overtime; thus, actual knowledge is not required.

Source:        *Brooklyn Savings Bank v. O-Neil*, 324 U.S. 697, 706-07 (1945); *Reich v. Department of Conservation & Natural Resources*, 28 F. 3d 1076, 1082 (11th Cir. 1984); *Mireles v. Frio Foods, Inc.,* 899 F. 2d 1407, 1411 (5th Cir. 1990); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F. 2d 1350 (11th Cir. 1983); *Tho Dihn Tran v Alphonse Hotel Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362, 1370 (5th Cir. 1973); *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999); *Cunningham v. Gibson Electric Co., Inc.*, 43 F.Supp.2d 965, 975 (N.D. III. 1999); *Ballard v. Consolidated Steel Corp.,* 61 F. Supp. 966 (S.D. Ca. 1945).

GRANTED:              _____
DENIED:                  _____
WITHDRAWN:          _____
GIVEN AS AMENDED:    _____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

### Calculation of Overtime Damages

If you find for Plaintiff as to any or all of her claims against Defendant, then you must decide what amount of damages she is entitled to.

The Fair Labor Standards Act obligates an employer to pay its employees time and one-half the regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

Here, the Parties have agreed that Plaintiff's overtime rate is $15.00 per hour.

If you find that there was no agreement to exclude certain time from compensable time or that there was such an agreement, but it was unreasonable, then Plaintiff should be awarded her overtime rate for **all** excluded hours in shifts of **less** than 24 hours (12 hours per night), and at least 4 hours in shifts of 24 hours or more.

If you find that there was an agreement to exclude more than eight hours per night as sleep time, then you must find that the agreement was unreasonable.

Further, regardless of whether you find the agreement to exclude twelve hours per night was reasonable or unreasonable, Plaintiff must be awarded her overtime rate for any overtime hours you find were actually worked but not compensated during excluded time, where the Defendant knew or should have known of such hours worked.

Source:    29 U.S.C. §207; 29 C.F.R. § 778.109; 29 C.F.R. §778.113; 29 C.F.R. § 778.114
(modified);  §785.21-23; June 30, 1988 Dept. of Labor Memorandum regarding sleep time.

GRANTED:                    _____
DENIED:                       _____
WITHDRAWN:               _____
GIVEN AS AMENDED:      _____

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

### **Calculation of Overtime Damages**

If you find for Plaintiff as to any or all of her claims against Defendant, then you must decide what amounts of damages she is entitled to.

The Fair Labor Standards Act obligates an employer to pay its employees time and one-half the regular rate of pay for all hours worked in excess of forty (40) in a single workweek.

Here, the Parties have agreed that Plaintiff's overtime rate is $15.00 per hour.

If you find that there was no agreement to exclude certain time as compensable time or that there was such an agreement, but it was unreasonable, then Plaintiff should be awarded her overtime rate for any overtime hours you find were actually worked but not compensated during the excluded time.

Source:      29 C.F.R. §785.23; Department of Labor Opinion Letter FLSA 2004-7

GRANTED:              _____
DENIED:               _____
WITHDRAWN:            _____
GIVEN AS AMENDED:     _____

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 16

### Statute of Limitations

Even if the Plaintiff has proved all of the elements of her claim by a preponderance of the evidence, the Plaintiff is only entitled to recover lost wages, if any, from the present time back to no more than two years before the filing of the Complaint, which was filed on October 15, 2012, unless you find the Company's conduct was willful.  It is the Plaintiff's duty to prove that the Company acted willfully, not the Company's obligation to prove that it did not.  Willful means that the Company either knew or showed reckless disregard for whether its conduct was prohibited by federal law.  Willfulness exists where the employer disregarded the very possibility that it was violating the FLSA.

If you find that the Company's conduct was willful, then the Plaintiff is entitled to recover lost wages from the present time back to June 2010, if not, then Plaintiff is entitled to receive lost wages for weeks <u>paid</u> between October 15, 2010, to the present (even if the work was performed before that date.

Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on October 15, 2012 unless you find that Defendants acted willfully - they knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA. If you find that the Defendants knew, or showed reckless disregard for the matter of whether, their conduct was prohibited by the FLSA (acted willfully), the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.  Based on Plaintiff's allegations here, she does not seek recovery for any dates prior to June of 2010.

Source:    Eleventh Circuit Pattern Jury Instructions Federal Claim Instruction Nos. 1.7.1
           (modified); <u>Allen</u>, 495 F.3d at 1324; *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th
           Cir. 2003); *Herman v. RSR Sec. Serv's., Ltd.*, 172 F.3d 132, 151 (2d Cir. 1999);
           Federal Jury Practice and Instructions § 175.35 (5th ed. 2001).

GRANTED:                  _____
DENIED:                   _____
WITHDRAWN:                _____
GIVEN AS AMENDED:         _____

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13</u>

**Statute of Limitations**

Even if the Plaintiff has proved all the elements of her claim by a preponderance of the evidence, the Plaintiff is only entitled to recover lost wages, if any, back to no more than two years before the filing of the Complaint, which was filed on October 15, 2012, unless you find that Defendants' conduct was willful.  It is the Plaintiff's burden to prove that the Defendants acted willfully, not the Defendants burden to prove that they did not.  Willful means that the Defendants either knew or showed reckless disregard for whether their conduct was prohibited by federal law.

Thus, the Plaintiff must prove by a preponderance of the evidence that the Defendants knew of the existence and the effect of the Fair Labor Standards Act and knowingly or recklessly violated or disregarded its requirements.  If the Defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether their conduct was prohibited by the law, even if Defendants acted negligently, then their conduct was not willful.

Source:     Eleventh Circuit Pattern Jury Instructions Federal Claim Instruction Nos. 1.7.1
            (modified); <u>*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).</u>


GRANTED:              _____
DENIED:               _____
WITHDRAWN:            _____
GIVEN AS AMENDED:     _____

## PLAINTIFF'S PROPOSED SPECIAL INTERROGATORIES
## <u>TO THE JURY</u>

**Do you find from a preponderance of the evidence:**

1.   That Defendant ALTA is an enterprise covered by the FLSA?

Answer Yes or No   _____

<u>Note</u>:   If you answered No to Question 1 you need not answer the
remaining questions.

2.   That Defendant GREEN is an individual employer under the FLSA?

Answer Yes or No   _____

3.   That there was an agreement between Plaintiff and Defendant regarding the exclusion of twelve hours per night (the hours between 8:00 p.m. to 8:00 a.m.) from compensable time, and that this agreement was reasonable?

Answer Yes or No   _____

<u>Note</u>:   If you answered Yes to Question 3, please proceed to
Question 4.
If you answered No to Question 3, please skip to Question
5.

4.   That Defendants knew or should have known that Plaintiff worked overtime hours for which she was not compensated?

Answer Yes or No   _____

<u>Note</u>:   If you answered No to Question 4 you need not answer the
remaining questions.
If you answered Yes to Question 4, please proceed to
Question 5.

5.   That either Defendant knew or showed reckless disregard for whether its/his conduct was prohibited by the FLSA?

Answer Yes or No   _____

<u>Note</u>:   If you answered No to Question 5, Plaintiff's damages are limited to the time periods paid between October 15, 2010, and October 15, 2012.

If you answered Yes to Question 5 then Plaintiff's damages are limited to the time periods paid between June 1, 2010, and October 15, 2012.

**Damages (choose the correct calculation based on your answers above):**

(a) **If you answered NO to Question 3 and YES to Question 5, state Plaintiff's damages between June 1, 2010, and October 15, 2012. The measure of damages is $15.00 per overtime hour for counting at LEAST four hours per night on shifts of 24 hours or more, and twelve hours per night in shifts of less than 24 hours. In addition to the four hours per night on shifts of 24 hours or more, Plaintiff must also be compensated for any time actually spent working during the remaining excluded hours.**

(b) **If you answered NO to Question 3 and No to Question 5, state Plaintiff's damages between October 15, 2010, and October 15, 2012. The measure of damages is $15.00 per overtime hour for counting at LEAST four hours per night on shifts of 24 hours or more, and twelve hours per night in shifts of less than 24 hours. In addition to the four hours per night on shifts of 24 hours or more, Plaintiff must also be compensated for any time actually spent working during the remaining excluded hours.**

(c) **If you answered YES to Questions 3 and 4, and NO to Question 5, state Plaintiff's damages between October 15, 2010, and October 15, 2012. The measure of damages is $15.00 per hour times the number of overtime hours Defendant knew or should have known that Plaintiff worked, but did not compensate.**

(d) **If you answered YES to Questions 3, 4, and 5, state Plaintiff's damages between June 1, 2010, and October 15, 2012. The measure of damages is $15.00 per hour times the number of overtime hours Defendant knew or should have known that Plaintiff worked, but did not compensate.**

SO SAY WE ALL.

_____
Foreperson

DATED:_____

**AUTHORITY:**   Eleventh Circuit Pattern Jury Instructions, Federal Claims Instructions, Instruction No. 1.7.1, Special Interrogatories to the Jury (2005) (modified).

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

## DEFENDANTS' SPECIAL INTERROGATORIES
## TO THE JURY

Do you find from a preponderance of the evidence:

1.  That Defendant ALTA is an enterprise covered by the FLSA?

    Answer Yes or No    _____

    <u>Note</u>:  If you answered No to Question 1 you need not answer the
         remaining questions.

2.  That Defendant GREEN is an individual employer under the
    FLSA?

    Answer Yes or No    _____

3.  That there was a "reasonable agreement between Plaintiff and Defendants regarding
    compensable time?

    <u>Note</u>:  If you answered Yes to Question 3, you need not answer
         the remaining questions.
         If you answered No to Questions 3, please proceed to
         Question 4.

4.  That Plaintiff worked overtime hours for which she was not compensated?

    Answer Yes or No    _____

    <u>Note</u>:  If you answered No to Question 4 you need not answer the
         remaining questions.
         If you answered Yes to Question 4, please proceed to
         Question 5.

5.  That Defendants knew or should have known that Plaintiff worked overtime hours for
    which she was not compensated?

    Answer Yes or No    _____

    <u>Note</u>:   If you answered No to Question 5 you need not answer the
    remaining questions.
    If you answered Yes to Question 5 please proceed to
    Question 6.

6.  That either Defendants knew or showed reckless disregard for whether their conduct was
    prohibited by the FLSA?

    Answer Yes or No    _____

<u>Note</u>:   If you answered No to Question 6, Plaintiff's damages are limited to the time periods paid for work Plaintiff performed at Summit between October 15, 2010, and October 15, 2012.

If you answered Yes to Question 6 then the Plaintiff's damages are limited to the time periods paid for work Plaintiff performed at Summit between June 1, 2010 and October 15, 2012.

SO SAY WE ALL.


_____
Foreperson


DATED:_____

**<u>AUTHORITY:</u>**          Eleventh Circuit Pattern Jury Instructions, Federal Claims Instructions, Instruction No. 1.7.1, Special Interrogatories to the Jury (2005) (modified).

GRANTED:                     _____
DENIED:                         _____
WITHDRAWN:              _____
GIVEN AS AMENDED:      _____